AHM/FMS MAY.09
GJ # 11

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) CR NO. |
| | ) |
| **CHRISTOPHER SCOTT TIDWELL** | ) |

## I N D I C T M E N T

COUNT ONE : (29 U.S.C. § 501(c))

The Grand Jury charges:

From on or about the 1st day of January, 2006, until on or about the 26th day of February, 2008, in Clay County, within the Northern District of Alabama, the defendant,

**CHRISTOPHER SCOTT TIDWELL**,

while an officer, that is, Secretary-Treasurer of the United Transportation Union, Local 1261, being employed directly by the labor union engaged in an industry affecting commerce, did embezzle, steal, and unlawfully and willfully abstract and convert to his own use and to the use of another, the moneys, funds, securities, property and assets of said labor organization in the approximate amount of **$22,264.08**, in violation of Title 29 United States Code,

Section 501 (c).

**COUNT TWO:** ( Forfeiture:18 U.S.C. § § 981 (a)(1)(C) and 28 U.S.C. § 2461(c)

   The Grand Jury charges:

1.   The allegations of Count One of this Indictment are re-alleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States pursuant to the provisions of Title 18, U.S.C. Section 981 (a)(1)(C) and 28 U.S.C. Section 2461(c).

2.   Pursuant to Rule 32.2(a) Fed. R. Crim. P., the defendant is hereby notified that pursuant to Title 18, United States Code, Section 982 (a) and (a)(3)(B), the defendant,

**CHRISTOPHER SCOTT TIDWELL**,

upon conviction of the offense set forth in Count One of this Indictment, shall forfeit to the United States any property, real or personal, that constitutes or is derived from, directly or indirectly, gross proceeds traceable to the commission of the said violation including but not limited to:

A JUDGMENT FOR PROCEEDS,

   A sum of money equal to **$22,264.08** in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged.

3.   If any of the above-described forfeitable property, as a result of any act or

omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, § 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

All in accordance with Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

*/s/ Electrocnic Signatures*
FOREMAN OF THE GRAND JURY        ALICE H. MARTIN
                                                    United States Attorney

                                              */s/ Electrocnic Signatures*
                                              FRANK M. SALTER
                                    Assistant United States Attorney